656 So.2d 505 (1995)
MICCOSUKEE TRIBE OF INDIANS OF FLORIDA, The Friends of the Everglades, the Florida Keys Fishing Guides Association, Fishermen Against Destruction of the Environment, Clean Water Action, Florida Chapter of the Sierra Club, and Florida Audobon Society, Appellants,
v.
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL PROTECTION and Environmental Regulation Commission, Appellees.
No. 94-1722.
District Court of Appeal of Florida, Third District.
May 10, 1995.
Rehearing Denied July 19, 1995.
Lehtinen, O'Donnell, Malman, Cortinas, Vargas & Reiner and Sonia Escobio O'Donnell, Miami, for appellants.
Kenneth J. Plante, Lee M. Killinger and Jennifer L. Mason, Tallahassee, for appellees.
Before BARKDULL, JORGENSON and GODERICH, JJ.
PER CURIAM.
The Miccosukee Tribe of Indians of Florida and other plaintiffs [collectively referred to as Miccosukees], appeal from an order entered by the Department of Environmental Protection [Department] summarily denying their petition for rulemaking. We reverse.
The Miccosukees filed a petition for rulemaking with the Department, pursuant to section 120.54(5), Florida Statutes (1993), requesting that the Environmental Regulation Commission [Commission], a branch of the Department, establish a numerical standard to limit concentrations of phosphorous in the *506 surface waters of the Everglades Protection Area and contiguous Florida waters. Subsequently, the Secretary of the Department issued an order summarily denying the petition for rulemaking. This appeal follows.
The Miccosukees contend that the Secretary of the Department violated administrative procedure and due process by summarily dismissing their petition for rulemaking where the Commission has exclusive authority over water quality standards. We agree.
The powers and duties of the Commission are delineated as follows: "The commission shall exercise the exclusive standard setting authority of the department... ." § 403.804(1), Fla. Stat. (1993). Additionally, the Secretary's powers and duties are limited as follows: "The Secretary shall have the powers and duties of the heads of departments ... except that the Environmental Regulation Commission shall exercise the exclusive standard-setting authority pursuant to s. 403.804." § 403.805(1), Fla. Stat. (1993). A "standard" is defined as "any rule of the Department of Environmental Regulation relating to air and water quality, noise, solidwaste management, and electric and magnetic fields associated with electrical transmission and distribution lines and substation facilities." § 403.803(13), Fla. Stat. (1993). We find that the language of this legislative mandate is clear and unambiguous and that the Department improperly summarily denied the Miccosukees' petition for rulemaking of a numerical water quality standard without first submitting the petition to the Commission as clearly and mandatorily required by the pertinent provisions of the Florida Statutes. §§ 403.803(13), 403.804(1), 403.805(1), Fla. Stat. (1993); see O'Connor v. Dade County, 410 So.2d 605 (Fla. 3d DCA 1982).
Accordingly, because there has been a material error in procedure,[1] we reverse and remand for the Miccosukee's petition to be submitted to the Commission.
Reversed and remanded.
NOTES
[1] § 120.68(8), Fla. Stat. (1993).